Opinion filed April 26,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00088-CR

                                                    __________

 

                               KELLY
PATRICK AMOS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 385th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR38802

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

Kelly
Patrick Amos filed a pro se notice of appeal.  Upon reviewing the file in this
case, this court notified appellant by letter dated April 5, 2012, that the
trial court had certified that appellant had no right of appeal and that
appellant had waived his right of appeal.  See Tex. R. App. P. 25.2(a)(2), (d).  We requested that appellant
respond and show grounds to continue the appeal.  Appellant has responded and
requests that his appeal be continued based upon the injurious pretrial conduct
of his trial counsel.  We dismiss the appeal.

The
clerk’s record indicates that appellant was charged with two counts of theft of
property, that he entered into a plea bargain agreement with the State in each
count, that he signed in each count a written waiver of his right to appeal,
and that he pleaded guilty to both counts.  The trial court assessed punishment
pursuant to the terms of the plea bargain in each count at confinement in a
state jail facility for fourteen months.  Thus, the trial court’s certification
in each count is supported by the record and is not defective.  See Dears v.
State, 154 S.W.3d 610 (Tex. Crim. App. 2005).  These certifications reflect
that appellant has no right to appeal and also that he waived his right to
appeal.  Because appellant’s appeal is prohibited by Rule 25.2, we must dismiss
the appeal without further action.  Rule 25.2(d); Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006).

            Accordingly,
this appeal is dismissed. 

            

                                                                                                PER
CURIAM

 

April 26, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.